## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ARIANE JEANINE DUBY,       )
)
         Plaintiff,     )     Civil Action No. 23-cv.
)     HON.
-vs-     )
)
TODD VERNON BARKLEY, SCOTT B.  )     Complaint and Jury Demand
HODSHIRE, HILLSDALE COUNTY  )
SHERIFF'S OFFICE and COUNTY OF  )
HILLSDALE, a municipal corporation,  )
Jointly and Severally Liable,  )
)
         Defendants.   )
_____)

Brian J. Bourbeau (P59216)
Jason M. Berger (P67498)
Bone Bourbeau Law, PLLC
Attorneys for Plaintiff
42452 Hayes Rd., Suite 4
Clinton Township, MI  48038
(586) 778-1234; Fax: (586) 778-4391
brian@bonebourbeaulaw.com
jason@bonebourbeaulaw.com

---

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, ARIANE JEANINE DUBY, by and through her

attorneys, BONE BOURBEAU LAW, PLLC, and for Plaintiff's Complaint against

the above-named Defendants states as follows:

## IDENTIFICATION OF PARTIES, BASIS FOR JURISDICTION AND VENUE

1.      Plaintiff, Ariane Jeanine Duby, is an individual who at all times pertinent to this matter was and is a citizen of the State of Michigan residing within Hillsdale County, Michigan.

2.      Defendant, Todd Vernon Barkley, is an individual who at all times pertinent to the claims in this case was employed by Hillsdale County as a Deputy Sheriff within the Hillsdale County Sheriff's Office.  On information and belief, Defendant Barkley resides in Wayne County, Michigan, which is in this judicial district and was acting under the color of law at all times with respect to his actions in this complaint.

3.      Defendant, Scott B. Hodshire, is an individual who at all times pertinent to the claims in this case was employed by Hillsdale County as the Sheriff, within the Hillsdale County Sheriff's Office.  On information and belief, Defendant Hodshire was acting under the color of law at all times with respect to his actions as described in this complaint.

4.      Defendant County of Hillsdale Sheriff's Office is a municipal corporation with its principal offices located at 165 W. Fayette Street in Hillsdale, Michigan.

5.      Defendant County of Hillsdale is a municipal corporation with its principal offices located at 165 W. Fayette Street in Hillsdale, Michigan.  Defendant

2

County of Hillsdale provides law enforcement within its borders through Defendant County of Hillsdale Sheriff's Office (HCSO), which is the duly authorized authority within Hillsdale County responsible for enforcing the laws of the State of Michigan. Defendant County of Hillsdale employed Defendant Barkley and is liable for his foreseeable misconduct and; the County and Sheriff's Office is also liable because of its policies, practices, and customs, which with deliberate indifference, allowed for the pervasive misconduct and Constitutional violations.

6.      Defendant County of Hillsdale Sheriff's Office employed Defendants Barkley and Hodshire at all times relevant and is liable for their acts; the County and Sheriff's Office is also liable because of its policies, practices, and customs, which with deliberate indifference, allowed for the foreseeable pervasive misconduct and Constitutional violations.

7.      This Honorable Court has jurisdiction over the claims alleged herein pursuant to 28 U.S.C. §1343 and §1331, and the Court's jurisdiction to decide pendent and Supplemental state claims pursuant to 28 U.S.C.A. §1367 and common law.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

9.      Plaintiff sues each of the Defendants in both their individual and official capacities.

## **GENERAL ALLEGATIONS**

10.    On or about July 19, 2020 Deputy Barkley responded to a civil disturbance that that involved 34 year old Ariane Duby. Deputy Barkley was told that Ms. Duby had a drug addiction.

11.    On August 25, 2020, Deputy Barkley initiated a traffic stop on Ariane Duby for suspected driving without a valid operator's license.  Deputy Barkley arrested Ms. Duby, handcuffed her, and transported her to Hillsdale County Jail. Deputy Barkley soon thereafter repeatedly conducted inappropriate communications with Ms. Duby, her family, her friends, and others, laying the groundwork for his sexually predatory plans.

12.    Deputy Barkley while on duty would visit with family members of Ms. Duby.  He would also park his patrol car at the end of her street and pull over her known acquaintances.

13.    In September 2020, the Sheriff's Department received a call about inappropriate behavior being conducted by Deputy Barkley of which Undersheriff Albright was advised.  The inappropriate and predatory conduct towards Ms. Duby significantly increased from then on. There were additional complaints from the public to the members and supervisors of the Sheriff's Department about Deputy Barkley's sexual misconduct toward Ms. Duby and other women in the community with drug addictions.

14.     On January 5, 2021, Sheriff Hodshire appointed Defendant Barkley to continue to serve as a Deputy of Hillsdale County.   Deliberate indifference was shown in the hiring and re-appointment of Defendant Barkley, who was clearly unfit and posed a danger to the community by being a sheriff's deputy.

15.     On or about February 2021, Ms. Duby was charged with drug possession in the Hillsdale District Court.

16.     Defendant Barkley advocated and arranged for Plaintiff, who was on conditional bond release, to be treated for a substance abuse disorder at a rehabilitation center known as Changes Rehabilitation, LLC, in Fulton, Kentucky. This was not normal procedure to send someone on conditional bond release in Michigan, to Kentucky for treatment.

17.     During the May\June 2021 in-patient rehabilitation, Deputy Barkley then further abused his authority, and compromised Ms. Duby's sobriety, by driving to Kentucky and using his badge to remove her from the rehab facility, supply her with alcohol and have sex with her at a motel before returning Ms. Duby to the rehabilitation facility. Upon her return to Michigan, Deputy Barkley continued sexual communications, sexual touching, and sexual intercourse with Plaintiff in Michigan. These actions were an ongoing violation of Plaintiff's civil rights, state law, and the public's trust.

18.     Under the auspices of the Hillsdale County Sheriff's Office, Defendant Barkley had gained access to Plaintiff on or about six days into her court ordered rehabilitation to obtain her for a one-day release for the purpose of supplying her with alcohol and to have sex at the Kingsway Hotel in Fulton, Kentucky and continued to engage in sexual relations, including touching, intercourse, and other acts with Ms. Duby after her discharge and return to Michigan.

19.     It was observed by at least one other deputy that Deputy Barkley had Ms. Duby visit him at one of his properties and was being inappropriate with her in a sexual manner.

20.     Defendant Barkley also, while on duty, infiltrated Plaintiff's family and made planned contacts with others in her personal life to further gain leverage over his victim, Ms. Duby.

21.     Bodycam video shows Deputy Barkley arresting another young woman addicted to drugs, flirtation and his camera is then turned off.  The young woman was not booked until a few weeks later. At booking the young woman told a corrections officer that she had sex with Deputy Barkley two weeks prior, so she was surprised that she was subsequently being booked. This video was discovered by Undersheriff Lambright.

22.     Deputy Barkley's flagrant misconduct continued as he would speak to other deputies and officials/employees of the drug court system seeking unreasonably favorable terms for the victim of his sexually predatory actions.

23.     Defendant Barkley represented and assured Plaintiff that her sexual relationship with him would prove advantageous with respect to the outcome of her pending drug possession case, as well as other legal matters. He instructed her to remain silent and deny the sexual acts he perpetrated until she was sentenced.

24.     On information and belief, Defendant Barkley routinely pulled Plaintiff and other persons over for alleged traffic violations and released them without consequence as a means of accumulating and leveraging fear of criminal arrest and prosecution under color of law for his sexual advantage. Through the complaints from the public and observations of other deputies/County employees, Defendants knew or should have known of Defendant Barkley's misconduct, sexually predatory conduct, abuse of power, and violations of Ms. Duby and other citizens' Constitutional and civil rights.

25.     The actions taken by Defendant Barkley prior to, during, and following Plaintiff's rehabilitation, were consistent with the pattern and practice of Defendant Barkley's misconduct with other similarly situated, vulnerable local women, and were, with deliberate indifference, ratified, acquiesced, tolerated and/or allowed to occur by the Hillsdale County Sheriff's Office. Constitutional rights were violated

7

pursuant to official policy and/or custom, as well as by Hillsdale County Sheriff Hodshire in his individual and official capacity, which knew or should have known of the substantial risk of sexual abuse by Defendant Barkley and the plainly obvious risk of a Constitutional violation due to inadequacies in municipal policy and/or implementation of appropriate policies.

26.    Defendants' actions resulted in Deputy Barkley being charged with felonies in June of 2022 by the Attorney General's office for misconduct in office after exploiting his position as a law enforcement officer when he coerced the Plaintiff into a sexual relationship in exchange for favors, privileges, and other exchanges. The actions of misconduct went on for months to years, and even continuing after Ms. Duby's discharge from court ordered rehabilitation, resulting in numerous Constitutional violations and deprivations of Ms. Duby's rights secured by the U.S. Constitution and laws of the United States. The misconduct was occasioned by the Defendants acting under color of state law.

27.    Hillsdale County Sheriff Scott Hodshire eventually suspended Defendant Barkley with pay in August of 2021 after which the Michigan Attorney General's office charged Defendant Barkley with two counts of misconduct in office, in June of 2022. On November 15, 2022, Defendant Barkley pled guilty to one count of misconduct in office.

28.     As a direct and proximate result of the conduct of the Defendants, Plaintiff has suffered personal injuries, including, but not necessarily limited to:

a.      severe emotional distress;

b.      outrage;

c.      severe embarrassment, shame, degradation, depression, and humiliation;

d.      loss of privacy;

e.      medical expenses and other medical and rehabilitative care;

f.      compromise of sobriety and wellness;

g.      deprivation of liberty, rights and privileges, secured by the Constitution and laws;

h.      such other damages, including punitive damages, as may be determined; and

i.      these damages include past, present, and future injuries;

## COUNT I
## VIOLATION OF 42 U.S.C. §1983 COMMITTED BY ALL DEFENDANTS AS IDENTIFIED BELOW

29.     Plaintiff incorporates paragraphs 1-28 of this Complaint with the same force and effect as if fully stated herein.

30.     The Defendants are persons within the meaning of 42 U.S.C. §1983.

31.     The individual Defendants, acting under color of law and in their official capacities as deputies and police officers within the HCSO directly and/or indirectly participated in the actions described concerning Plaintiff.

32.    The Hillsdale County Sheriff's Office implicitly and/or explicitly sanctioned Defendant Barkley's predatory sexual relationship which he initiated with excessive force and intimidation under the color of state law with Plaintiff in exchange for advantages, privileges, and promises of leniency in her sentencing and/or other criminal prosecution; these unreasonable and excessively forceful actions were allowed to occur and/or ratified implicitly or explicitly by the Hillsdale County Sheriff's Office, Scott Hodshire, and were perpetrated under the auspices and bear the imprimatur of the HCSO.

33.    The intimidation tactics used by Defendant Barkley in effectuating an inappropriate, nonconsensual sexual and illegal relationship with Plaintiff and his actions of pursuing illicit relationships with vulnerable, drug addicted women subjected to criminal charges in the community, were known by the Hillsdale County Sheriff's Office to be the type that would, and indeed did, deprive Plaintiff and others of constitutional rights, including her right to be free from unreasonable searches and seizures, her right to be free from the use of excessive force by the police, her right to privacy, her right to be free of malicious prosecution, her right to be protected from deprivations of her liberty without due process of law, security in her person, and her right to the equal protections of the law, all of which are guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and protected by 42 U.S.C. §1983.

34.     Plaintiff, a vulnerable drug addicted woman needing treatment and awaiting resolution of a pending possession case, was victimized and coerced into participating in a predatory sexual relationship with Defendant Barkley, who manipulated and targeted other compromised women under the auspices of the HCSO, thereby denying her the rights afforded to her under the Constitution, including, but not limited to, equal protection under the laws, and due process under the Fourteenth, Fourth, Fifth, and Eighth Amendments of the Constitution. Defendants County of Hillsdale and Hillsdale County Sheriff's Office violated her Constitutional rights by encouraging, tolerating, ratifying, and being deliberately indifferent to the above-referenced patterns and practices through its policy-making powers and personnel decisions, as well as failing to discern the clear need for appropriate, reasonable, and necessary hiring, training, supervision, investigation, or discipline.

35.     Those actions of Defendants which culminated in a plainly obvious risk of a constitutional violation due to inadequacies in municipal policy which were the moving force behind the deprivation of and deliberate indifference to Plaintiff's rights, proximately caused Plaintiff the injuries and damages she sustained as described above, which are of a continuing nature.  Plaintiff's Constitutional rights were violated due to the County of Hillsdale and the sheriff's office having a policy and/or custom that caused the violations.

36.    The Defendants are jointly and severally liable to Plaintiff for compensatory damages, punitive damages, costs, and attorney fees under 42 U.S.C. §1983 and §1981.

37.    Because their actions were intentional, reckless, and failed to exhibit any concern for the safety and well-being of Plaintiff, Defendants are also liable to Plaintiff for punitive damages.

## Additional Unconstitutional Actions of Defendants Including Monell Claim Against the Municipal Defendants

38.    At all times material to this Complaint, the Defendants County of Hillsdale, Hillsdale County Sheriff's Department, and its Sheriff Scott Hodshire, as well as other high ranking defendants, had in effect policies, practices, and customs, defacto and otherwise, that included, but are not limited to the following:

a. Arresting, harassing, sexually assaulting, detaining, criminally charging and/or threatening to charge, and using excessive and unreasonable force against persons, including Plaintiff and other vulnerable women in the community, in order to initiate sexual relationships in exchange for promises of privileges or leniency in charges and/or sentencing;

b. The use of arrests, harassment, sexual assaults, intimidation, threats, excessive force, and criminal charges in the community with or without probable cause as a means of and as part of a conspiracy to exert dominance and control over vulnerable women in the community and curtail public criticism and outcry, as well as to curtail civil lawsuits arising out of the Constitutional violations committed by Defendants;

c. Additional unconstitutional policies, practices, customs and/or usages of the Defendant County of Hillsdale and its Sheriff's office;

d. There was deliberate indifference with respect to the hiring, retention, and training of deputies, such as Deputy Barkley. The written policies are contradictory and vague as to the type of clearly unconstitutional predatory sexual misconduct occurring under the color of state law. There were also repeated complaints of constitutional violations which the municipality\ Department treated with deliberate indifference for an extended and very unreasonable amount of time. The defendants failed to appropriately implement a speak up and act upon policy as to sexual misconduct violating a person's rights.

e. The unconstitutional actions described in this complaint were ratified and adopted by the Hillsdale County Sheriff's Office, Sheriff Scott Hodshire, and other high-level officers.

39.     The unconstitutional policies, practices, customs, and/or usages of the Defendants complained of herein were a moving force and cause of the deprivation of Plaintiff's Constitutional rights and arose as a result of deliberate indifference to her rights which directly linked and proximately caused the Plaintiff's physical, mental, and emotional injuries, pain and suffering, mental anguish, humiliation and embarrassment, and other expenses.

WHEREFORE, Plaintiff, ARIANE JEANINE DUBY, respectfully requests that this Honorable Court enter its Order awarding Plaintiff's judgment jointly and severally against the Defendants in whatever amount compensatory and punitive damages, plus costs and attorneys' fees that Plaintiff is found to be entitled, together with interest and expenses of this litigation and such other sums as may be just and fair under the circumstance.

## COUNT II

## VIOLATION OF CONSTITUTIONAL RIGHTS DUE TO A STATE CREATED DANGER

40.     Plaintiff incorporates paragraphs 1-39 of this Complaint with the same force and effect as if fully stated herein.

41.     The affirmative acts of the Defendants as stated in the above sections of this Complaint created and\or increased a risk that Ms. Duby would be exposed to private risks of violence.

42.     The overt sexual acts by a deputy acting under color of state law taking advantage of a woman suffering from addictions subjected her to severe infringement of her body and well-being.

43.     The extensive and lengthy sexually predatory conduct was made possible by the deliberate indifference shown by those with supervisory authority in the HCSO.

44.     As implicitly and\or explicitly expressed by the Deputy to Ms. Duby, he and the HCSO office were the police so she had no one to go to for help.

45.     Ms. Duby's substantive due process rights were violated by this State created danger.

## COUNT III
## NEGLIGENCE AND GROSS NEGLIGENCE COMMITTED BY DEFENDANTS AS DESCRIBED IN SEPARATE SUBPARAGRAPHS BELOW

46.    Plaintiff incorporates paragraphs 1-45 of this Complaint with the same force and effect as if fully stated herein.

47.    Defendants owed Plaintiff a duty to use ordinary and reasonable care for the safety of Plaintiff and to avoid acting in a manner that was negligent, grossly negligent, or so reckless as to demonstrate a substantial lack of concern for whether an injury to Plaintiff could result in the contemplated, concerted, and planned actions of Defendants, as well other duties imposed by law, statutes, and the Constitution.

48.    Defendants breached these duties in numerous ways, including, but not limited to the following:

a. Defendants Hodshire and other high-ranking officials and/or employees of the Hillsdale County Sheriff's Office knew or should have known of the substantial risk of sexual abuse conducted by Defendant Barkley yet failed to take any reasonable steps to ensure the well-being of Plaintiff against Defendant Barkley's violation of Plaintiff's Constitutional rights and other misconduct;

b. Defendants Hodshire and other high-ranking officials and/or employees of the Hillsdale County Sheriff's Office failed to intervene in the sexual misconduct perpetrated by Defendant Barkley on Plaintiff despite his inappropriate interest in and history of predatory relationships with vulnerable, addicted women in the community;

c. Defendants Hodshire and other high-ranking officials and/or employees of the Hillsdale County Sheriff's Office failed to assess the propriety of Defendant Barkley's interception and retrieval of Plaintiff under color of law during her court-ordered rehabilitation, initiation of a lengthy sexual relationship in exchange for assurances of leniency in her sentencing, and his insertion into her family and personal life for illicit purposes and intentions;

d. Defendants failed to implement reasonable, necessary, and proper hiring and training of deputies;

e. In such other ways as may be revealed during discovery.

49. The conduct of the individual Defendants and Defendant County of Hillsdale through the HCSO as set forth above was so reckless as to demonstrate a substantial lack of concern for whether an injury to Plaintiff would result, and accordingly amounts to gross negligence and negligence for which they are not entitled to immunity, either individually or collectively.

50. As the direct and proximate result of Defendants' gross negligence and reckless conduct, Plaintiff suffered the injuries and damages described above, which are of a continuing nature.

51. The individual Defendants are responsible and liable for Plaintiff's injuries and damages as described in this Complaint.

WHEREFORE, Plaintiff, ARIANE JEANINE DUBY, respectfully requests that this Honorable Court enter its Order awarding Plaintiff's judgment jointly and severally against the Defendants in whatever amount compensatory and punitive damages, plus costs and attorneys' fees that Plaintiff is found to be entitled, together with interest and expenses of this litigation and such other sums as may be just and fair under the circumstance.

## COUNT IV
## ASSAULT AND BATTERY COMMITTED BY DEFENDANT BARKLEY

52. Plaintiff incorporates paragraphs 1-51 of this Complaint with the same force and effect as if fully stated herein.

53.    Plaintiff was subjected to intentional and unlawful sexual advances and relationships by Defendant Barkley who promised favors and privileges related to criminal charges if she participated in a physical relationship with him including during her rehabilitation, and continuing upon her return to Michigan.

54.    The threat to Plaintiff's liberty and freedom from prosecution and harsh sentencing was made under these circumstances that created in her a well-founded fear of imminent peril if she failed to comply with his sexual manipulation and advances.

55.    Defendant Barkley had the apparent ability and authority to carry out the threat against Plaintiff, along with other vulnerable women in the community, if not prevented.

56.    Because the threat was not prevented, Defendant Barkley willfully and intentionally proceeded to pursue and exert unwanted sexual advances and relations toward Plaintiff which constitutes an assault and battery committed on Plaintiff. Plaintiff was physically and emotionally injured and demeaned by this assault and battery and has suffered the damages enumerated herein, many of which are continuing.

57.    The sexual advances and relationship pursued by Defendant Barkley with Plaintiff were unlawful, and therefore, Plaintiff was coerced into participating in a physical relationship with Defendant Barkley.

58.     Defendant County of Hillsdale is also liable for the foreseeable injuries caused by the assault and battery committed on Plaintiff by the Deputy Defendant.

WHEREFORE, Plaintiff, ARIANE JEANINE DUBY, respectfully requests that this Honorable Court enter its Order awarding Plaintiff's judgment jointly and severally against the Defendants in whatever amount compensatory and punitive damages, plus costs and attorneys' fees that Plaintiff is found to be entitled, together with interest and expenses of this litigation and such other sums as may be just and fair under the circumstance.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS COMMITTED BY DEFENDANT BARKLEY

59.     Plaintiff incorporates paragraphs 1-58 of this Complaint with the same force and effect as if fully stated herein.

60.     The actions of Defendant Barkley as described in this Complaint were intended to and did, in fact, embarrass, terrify, and constitute extreme and outrageous conduct by the Defendant.

61.     The Defendant's actions were intentional, reckless, extreme, criminal, outrageous, and failed to exhibit any concern for the safety, sobriety, and well-being of Plaintiff.

62.     As a proximate result of the Defendant's extreme and outrageous conduct, Plaintiff was physically injured and compromised and suffered severe

emotional distress and disparagement, which injuries and severe emotional damages are continuing.

63. Defendant County of Hillsdale is also liable for Plaintiff's foreseeable injuries, damages, and severe emotional distress caused by the Deputy Defendant's extreme and outrageous conduct.

WHEREFORE, Plaintiff, ARIANE JEANINE DUBY, respectfully requests that this Honorable Court enter its Order awarding Plaintiff's judgment jointly and severally against the Defendants in whatever amount compensatory and punitive damages, plus costs and attorneys' fees that Plaintiff is found to be entitled, together with interest and expenses of this litigation and such other sums as may be just and fair under the circumstance.

## COUNT VI
## MALICIOUS PROSECUTION BY DEFENDANTS

64. Plaintiff incorporates paragraphs 1-63 of this Complaint with the same force and effect as if fully stated herein.

65. Defendants caused and continued the threatened and actual prosecution of Plaintiff through arrests, stops, and searches of her vehicle on multiple occasions during which the actual or threatened citations, arrests, or prosecution were frequently waived or delayed in order to facilitate Defendant Barkley's manipulation and coercion of Plaintiff into to performing future sexual favors in exchange for his forgiveness of the alleged transgressions and assure her freedom from these

temporary detainments; Defendant County of Hillsdale ratified these pretextual and unlawful vehicular stops of the Plaintiff.

66.    There was an absence of probable cause for initiating or continuing these unlawful stops initiated by Defendant Barkley who accumulated these detainments as leverage in his attempts to perpetrate a sexual relationship with Plaintiff for promises of future leniency in the adjudication of her arrest.

67.    Initiating or continuing these unlawful detainments and related actions in this Complaint were initiated or continued with malice or a primary purpose other than that of bringing the alleged offender to justice.

68.    Defendants' malicious prosecution caused Plaintiff to suffer extreme emotional distress, humiliation, embarrassment, social ostracism, injury to reputation, and negatively impact her familial relationships, as well as other damages which are of a continuing nature.

69.    Defendant County of Hillsdale is also liable for Plaintiff's foreseeable injuries caused, damages, and severe emotional distress caused by the Deputy Defendant.

WHEREFORE, Plaintiff, ARIANE JEANINE DUBY, respectfully requests that this Honorable Court enter its Order awarding Plaintiff's judgment jointly and severally against the Defendants in whatever amount compensatory and punitive damages, plus costs and attorneys' fees that Plaintiff is found to be entitled, together

with interest and expenses of this litigation and such other sums as may be just and fair under the circumstance.

## COUNT VII
## VIOLATION OF PLAINTIFF'S CIVIL RIGHTS UNDER
## MCL 37.2101 et seq

70.     Plaintiff incorporates paragraphs 1-69 of this Complaint with the same force and effect as if fully stated herein.

71.     Plaintiff has further civil rights as enumerated by MCL 37.2101 et seq, including, but not limited to, being free from discrimination because of sexual harassment such as unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature that was made by Deputy Barkley as a term or condition to obtain public services and/or public accommodations.

72.     Defendant made it clear to Ms. Duby that submission to or rejection of the sexual conduct would be a factor in decisions affecting availability of public services and accommodation to Ms. Duby.

73.     Defendant's misconduct substantially interfered with Ms. Duby's access to needed public services and/or public accommodations, violating MCL 37.2102, MCL 37.2103, and MCL 37.2101 et seq.

74.    Plaintiff is entitled to damages from Defendants for injury or loss caused by the violations of her civil rights in addition to reasonable attorney fees and costs per MCL 37.2801.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for entry of judgment finding and awarding as follows:

A.    For an Order adjudging the practices and conduct of Defendants complained of herein to be in violation of the rights guaranteed to Plaintiff under the U.S. Constitution, Federal law, and State law;

B.    Judgment that Defendants were negligent and grossly negligent and not entitled to immunity;

C.    For an award to Plaintiff against Defendants, jointly and severally, all relief available under 42 U.S.C. §1983 and under Michigan law, to be determined at trial, with interest on such amounts;

D.    For an award to Plaintiff of actual damages, including, but not limited to those arising from past, present, and future humiliation, mental anguish, emotional distress and other harms, in an amount well in excess of $75,000 against Defendants;

E.    For an award of punitive damages in an amount to be determined at trial;

F.      For an award to Plaintiff of her attorneys' fees, disbursements, and costs in this action, pursuant to 42 U.S.C. §1988, and as otherwise available at law or in equity;

G.      For an award of prejudgment interest; and

H.      For such other and further relief as the Court deems just and equitable.

Respectfully Submitted,

By:      _____

Brian J. Bourbeau (P59216)
Jason M. Berger (P67498)
Bone Bourbeau Law, PLLC
Attorneys for Plaintiff
42452 Hayes Road, Suite 4
Clinton Township, MI 48038
(586) 778-1234 (phone)
(586) 778-4391 (fax)

Dated: August 1, 2023

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable in this matter.

Respectfully submitted by,

By:      _____

Brian J. Bourbeau (P59216)
Jason M. Berger (P67498)
Bone Bourbeau Law, PLLC
Attorneys for Plaintiff
42452 Hayes Road, Ste. 4
Clinton Township, MI 48038
(586) 778-1234 (phone)

(586) 778-4391 (fax)
brian@bonebourbeaulaw.com
jason@bonebourbeaulaw.com